# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES BLUNT,**
               **Petitioner,**

     v.                                                      Case No. 07-C-0080

**JUDY SMITH,**
**Warden of Oshkosh Correctional Institution,**

               **Respondent.**

# DECISION AND ORDER

Petitioner Charles Blunt ("Blunt"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In April 1999, before the Milwaukee County Circuit Court, Blunt plead guilty to a charge of first degree reckless homicide, while armed, and possession of a firearm by a felon, habitual criminality. He was sentenced to 35 years on the homicide charge and five years consecutive on the firearms possession charge. He is currently in state custody at the Oshkosh Correctional Institution in Oshkosh, Wisconsin.

By Decision and Order dated January 29, 2007, this Court denied Blunt's petition for leave to proceed *in forma pauperis*. Blunt has paid the filing fee.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify

the petitioner." During the Court's initial review of habeas petitions, it examines the petition to determine whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

Blunt's petition lists three ground for relief. He asserts that his guilty plea was not entered knowingly and intelligently (ground one); the trial court's reliance upon *State v. Escalona -Naranjo*, 517 N.W.2d 157 (Wis. 1994) to deny Blunt's motion to withdraw his plea was in error (ground two); and his court appointed counsel was ineffective (ground three). Grounds one and three assert arguable constitutional claims.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.5 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Blunt's petition indicates that he did not file a direct appeal because his court-appointed appellate attorney filed a "no-merit" report with the Wisconsin Court of Appeals.

(Pet. 3.) The no-merit report addressed the validity of Blunt's guilty plea and the trial court's exercise of its sentencing discretion. (*State of Wisconsin v. Charles Blunt*, No. 2005AP2766, slip op. 2 (Wis. Ct. App. Nov. 7, 2006)(Attach. Pet.).) Blunt also filed a response to the no-merit report. (*Id.*) Based on its review of the no-merit report, Blunt's response, and independent review of the record, the Wisconsin court of appeals concluded that there were no meritorious issues to pursue on appeal. (*Id.* at 2-3.)

Thereafter in 2004, Blunt filed a *pro se* petition pursuant to *State v. Knight*, 484 N.W.2d 540 (Wis. 1992) asserting that he had ineffective assistance of appellate counsel. (*State of Wisconsin v. Charles Blunt*, No. 2005AP2766, slip op. 3.) The Wisconsin court of appeals denied that petition because it failed to sufficiently allege ineffective assistance of counsel. (*Id*).

On October 21, 2005, in the Circuit Court for Milwaukee County, Wisconsin. Blunt filed a *pro se* motion to withdraw his guilty plea asserting that the elements of the offense do not comport with his activity and, therefore, he did not knowingly and intelligently enter his guilty plea. (*State of Wisconsin v. Charles Blunt*, 99CF000640, slip. op. at 1 (Milw. Cty. Cir. Ct. Oct. 26, 2005) (Attach. to Pet.) The trial court held that Blunt had not presented a reason why he did not raise this contention in response to the no-merit report and the court did not perceive any such reason. Accordingly the court held that Blunt had waived his right to raise the issue and his motion was barred under *Escalona-Naranjo*, 517 N.W.2d at 157. The court of appeals issued an unpublished opinion affirming the circuit court's order. *(State of Wisconsin v. Charles Blunt*, No. 2005AP2766, slip op. (Attach. Pet.). ) In its opinion, the

3

court of appeals stated that its prior review of the no-merit report, Blunt's response, and other potentially meritorious issues necessarily included consideration of whether trial counsel was ineffective. (*Id*. at 5.) On January 9, 2007, the Wisconsin Supreme Court denied Blunt's petition for review. Thus, at this juncture, the Court concludes that Blunt has exhausted his state remedies as to his constitutional claims. To the extent that Blunt as not exhausted such claims it also appears that any further attempt to do so would be futile.

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Blunt is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion or other response consistent with Rule 4 of the Rules Governing Section 2254 Cases. Any answer shall contain the information called for by Rule 5, Rules Governing Section 2254 Cases.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court **SHALL** serve a copy of the petition and this order upon the respondent.

2. The respondent **SHALL** serve and file an answer, motion or other response to the petition on or before **June 4, 2007**. Any answer shall contain the information called for by Rule 5, Rules Governing Section 2254 Cases.

3. Blunt is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the

4

respondent or the respondent's attorney. Blunt should also retain a personal copy of each document. If Blunt does not have access to a photocopy machine, Blunt may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the respondent or to the respondent's attorney.

Dated at Milwaukee, Wisconsin this 1st day of May, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

5
Case 2:07-cv-00080-RTR   Filed 05/01/07   Page 5 of 5   Document 6