# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES BLUNT,**
          **Petitioner,**

    v.                                                      **Case No. 07-C-0080**

**JUDY SMITH,**
**Warden of Oshkosh Correctional Institution,**

          **Respondent.**

## DECISION AND ORDER

Petitioner Charles Blunt ("Blunt"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Judy Smith ("Smith"), the warden of the Oshkosh Correctional Institution in Oshkosh, Wisconsin, where Blunt is in custody, filed an answer and a motion. Smith asserts that the petition was not filed within the one-year period of limitations established by 28 U.S.C. § 2244(d). Blunt opposes the motion relying upon *Carey v. Saffold*, 536 U.S. 214 (2002).

The motion to dismiss, Blunt's motion for appointment of counsel (renewed in his June 21, 2007, response to Smith's motion to dismiss), and Blunt's request for an evidentiary hearing made in his response, are before the Court for resolution.

Resolution of the timeliness issue requires a summary of the procedural history.

*Procedural History*

On April 28, 1999, before the Milwaukee County Circuit Court, Blunt plead guilty to a charge of first degree reckless homicide, while armed, and possession of a firearm by a felon, habitual criminality. (Answer Ex. A.) On June 22, 1999, he was sentenced to 35 years on the homicide charge and five years consecutive on the firearms possession charge. (*Id.*)

Blunt pursued a direct appeal by his court-appointed appellate attorney's filing of a "no-merit" report with the Wisconsin Court of Appeals. (Answer Ex. B.) The no-merit report addressed the validity of Blunt's guilty plea and the trial court's exercise of its sentencing discretion. (*Id.*) Blunt also filed a response to the no-merit report. (Answer Ex. C.) On June 15, 2001, based on its review of the no-merit report, Blunt's response, and independent review of the record, the Wisconsin Court of Appeals concluded that there were no meritorious issues to pursue on appeal and summarily affirmed the trial court's judgment. (Answer Ex. D.) Blunt then filed a petition for review by the Wisconsin Supreme Court. (Answer Ex. E.) On October 23, 2001, the Wisconsin Supreme Court denied Blunt's petition for review. (Answer Ex. F.) Blunt did not petition the United States Supreme Court for certiorari review. (Answer ¶ 7.) The 90-day period for filing a petition for review with the United States Supreme Court, as provided for by Sup. Ct. R. 13.1, expired on January 21, 2002.

Thereafter, on August 19, 2004, Blunt filed a *pro se* petition for a writ of habeas corpus with the Wisconsin Court of Appeals raising a claim of ineffective assistance

of appellate counsel pursuant to *State v. Knight*, 484 N.W.2d 540 (Wis. 1992). (Answer Exs. G & H.) On December 8, 2004, the Wisconsin Court of Appeals denied that petition because it failed to sufficiently allege ineffective assistance of counsel. (Answer Ex. I.) Blunt did not seek further review by the Wisconsin Supreme Court. (Answer ¶ 10.)

On October 21, 2005,[1] in the Circuit Court for Milwaukee County, Wisconsin. Blunt filed a *pro se* motion to withdraw his guilty plea asserting that the elements of the offense did not comport with his activity and, therefore, he did not knowingly and intelligently enter his guilty plea.[2] (*See* Answer Ex. J.) On October 26, 2005, the trial court issued an order summarily denying the motion on procedural grounds. (*Id*.) Blunt appealed the denial of his motion to withdraw his plea. (Answer Ex. K.) On November 7, 2006, the Wisconsin Court of Appeals issued an unpublished opinion affirming the circuit court's order denying Blunt's plea withdrawal motion. (Answer Ex. N.) Blunt sought review of the decision by the Wiscsonsin Supreme Court. (Answer Ex. O.) On January 9, 2007, the Wisconsin Supreme Court denied Blunt's petition for review. (Answer Ex. P.) In the latter part of January 2007, Blunt filed his federal habeas corpus petition.[3]

---

[1] The October 21, 2005, filing date is noted in the trial court's decision. (Answer Ex. J.)

[2] Blunt's motion to withdraw his plea is attached to his brief on appeal to the Wisconsin Court of Appeals. (Answer Ex. K.)

[3] The "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), which the Seventh Circuit held applicable to habeas corpus petitions in *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir.1999), deems certain materials submitted by incarcerated persons who are representing themselves filed on the date they were given to prison authorities for mailing. Blunt's petition is dated January 16, 2007. The certified inmate trust account statement is dated January 19, 2007. The envelope which contained Blunt's petition is postmarked January 22, 2007. For statute of limitations purposes, an inmate submits his petition by tendering it to prison officials for mailing. *Jones*, 171 F.3d at 502. Blunt has not provided the date he turned his petition over to state prison officials for mailing. However, the exact date of filing is not material to the Court's ruling on the motion to dismiss.

*Analysis*

Since the period of limitations is an affirmative defense, the state has the burden of showing that Blank's petition is untimely. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Section 2244(d)(1) imposes a one-year period of limitation to file an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. As applicable in this case, the limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the one-year period of limitation. 28 U.S.C. § 2244(d)(2). In addition, the time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review also is not counted because a decision does not become final until the time for petitioning for certiorari has passed. *Jones v. Hulick*, 449 F.3d 784, 787 (7th Cir. 2006); *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002).

In *Anderson*, 281 F.3d at 674-75, the court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be

4

filed by a state prisoner falls within the meaning of § 2244(d)(a)(A) for purposes of calculating when the statute of limitations begins to run. *Id*. at 674-75.

In this case, Blunt filed a petition for review with the Wisconsin Supreme Court, which was denied on October 23, 2001. Blunt's opportunity to file a petition for certiorari review with the United States Supreme Court expired on January 21, 2002. Thus, the one-year statute of limitations on Blunt's federal habeas petition began to run on January 22, 2002. *See id*. at 675. The one-year period expired on January 23, 2003.

Blunt filed a habeas corpus application with the Wisconsin court of appeals on August 19, 2004, and subsequently filed a motion to withdraw his guilty plea with the trial court on October 21, 2005. However, neither of these filings tolled the time period for filing a petition for filing a writ of habeas corpus in federal court because they were both filed after the statute of limitations expired. *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005).

Blunt asserts that his petition is timely relying on the post-conviction motion the Wisconsin Supreme Court's January 9, 2007, denial of his petition for review on his post-conviction motion pursuant to Wis. Stat. § 974.06. He relies on the definition of "pending" provided by *Carey*, 536 U.S. at 223. In *Carey*, the Supreme Court concluded that until an application has achieved final resolution through the state's post-conviction procedures, by definition it remains pending. *Id*. *Carey* addressed several questions relating to the calculation of the one-year period during which an application for collateral relief is pending in the context of California' collateral review system which does not technically require

5

appellate review of a lower court determination. 536 U.S. at 221. Rather, it contemplates the filing of a new original habeas petition with a higher court, and determines the timeliness of each filing according to a "reasonableness" standard. *Id*. The Supreme Court determined that California's system functions in a way sufficiently like other state systems of collateral review to bring intervals between a lower court decision and the filing of a new petition in a higher court within the statutory word "pending." *Id*. at 223.

The problem with Blunt's reliance on *Carey* is that by the time he filed his post-conviction motion on October 21, 2005, the one-year limitations period had long expired. (By this Court's calculations it expired two years, eight months and 28 days before the October 21, 2005, filing of Blunt's post-conviction motion). Similar arguments by Wisconsin prisoners who have asserted that post-conviction motions filed after the expiration of the one-year limitations period make their petitions timely have been rejected by Seventh Circuit Court of Appeals. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007); *Graham v. Borgen*, 483 F.3d 475, 482-83 (7th Cir. 2007).

*Teas*, 494 F.3d at 581, affirmed the district court's dismissal of a federal § 2254 petition as untimely. Teas who was convicted in 2001 did not file a direct appeal. *Id*. He asked the Wisconsin courts to allow an untimely appeal. *Id*. They declined. *Id*. During 2005, Teas commenced a state collateral attack. *Id*. He also continued to raise the issue of a belated appeal. *Id*. On June 1, 2005, the Wisconsin Supreme Court granted Teas's petition for a writ of habeas corpus, but the only relief was to allow the court to entertain Teas's belated request for review. *Id*. The court added that the petition for review was denied — the referenced

6

request for review was as if on direct appeal. *Id.* The district court denied the petition as untimely holding that the judgment became final as soon as the time for direct appeal had expired in 2002, when the Wisconsin appeals court declined to allow any further extension, and that Teas had one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under § 2244(d)(1) and that it took more than four, since Teas's petition was not filed until July 14, 2006. *Id.*

The appeals court rejected Teas's contention that the June 1, 2005, decision was the conclusion of direct review in the state court and that adding one year plus 90 days within which to seek review by the United States Supreme Court made his petition timely. *Id.* The court held "[n]othing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'" *Id.* "Section 2244(d)(1) provides several triggers to restart the time, and § 2244(d)(2) adds a tolling rule-time spent on collateral review in state court is excluded –- but does not hint that there can be multiple layers of "direct" review, each starting a fresh year for a federal collateral attack." *Id.* at 581-82; *See also*, *Graham*, 483 F.3d at 482-83. The *Teas* court discussed *Carey* and its interpretation of "pending," but concluded that the petition was untimely. 494 F.3d at 582.

Blunt's federal habeas corpus petition filed during the latter part of January 2007, was filed nearly four years after the expiration of the one-year limitations period for filing a federal habeas petition. Therefore, Blunt cannot rely upon the tolling provision of §

7

2244(d)(2). *Id*. at 581. Blunt's federal habeas petition is untimely. Therefore, Smith's motion to dismiss is granted.

*Request for Evidentiary Hearing*

Blunt's response includes a request for an evidentiary hearing. In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Schriro v. Landrigan*, __U.S. __, 127 S.Ct. 1933, 1940 (2007) (citing *Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000)). Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is required only if a petitioner "alleges facts which, if proved, would entitle him to relief and the state courts - for reasons beyond the control of the petitioner - never considered the claim in a full and fair hearing." *Porter v. Gramley*, 112 F.3d 1308, 1317 (7th Cir. 1997) (citations omitted). Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. *Schriro*, 127 S.Ct. at 1940 (citing *Mayes*, 210 F.3d at 1287-88). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 127 S.Ct at 1940. Here the record precludes habeas relief because Blunt's petition is untimely. Therefore, his request for an evidentiary hearing is denied.

*Motion for Appointment of Counsel*

There remains to be addressed Blunt's motion for appointment of counsel. There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so requires. *See* Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in the District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d).[4]

*Pruitt v. Mote*, No. 05-1610, ___ F.3d ___, 2007 WL 2850448 (7th Cir. Oct. 3, 2007), revisited that standard and clarified the second step.[5] However, the court did not

---

[4]The appointment of counsel provision of the federal *in forma pauperis* statute is now found at 28 U.S.C. § 1915(e)(1).

[5] The court explained:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the

9

change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Neither Blunt's motion for appointment of counsel nor his renewed request for counsel contain any indication that he made any attempt to obtain counsel or that he is effectively precluded from doing so. Since Blunt has not satisfied the threshold requirement for appointment of counsel, the motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Smith's motion to dismiss Blunt's petition as untimely under 28 U.S.C. § 2244(d) is **GRANTED**;

2. Blunt's request for an evidentiary hearing is **DENIED**;

3. Blunt's motion for appointment of counsel (Docket No. 7) is **DENIED**;

This action is **DISMISSED WITH PREJUDICE**.

---

challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Hass*, 990 F.2d [319] at 323[7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally - exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, No. 05-1620, 2007 WL 2850448, at *7 (footnote omitted).

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2007.

                                                  **BY THE COURT**

                                        s/ Rudolph T. Randa
                                        **Hon. Rudolph T. Randa**
                                        **Chief Judge**