**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**CHARLES BLUNT,**
                      **Petitioner,**

      **v.**                                                                             **Case No. 07-C-0080**

**JUDY SMITH,
Warden of Oshkosh Correctional Institution,**

                      **Respondent.**

---

## DECISION AND ORDER

---

On November 2, 2007, this Court issued a Decision and Order granting Respondent Judy Smith's (Smith"), motion to dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Charles Blunt ("Blunt") on the ground that the petition was not filed within the one-year period of limitations established by 28 U.S.C. § 2244(d). Judgment was entered on November 2, 2007. Blunt filed a motion for reconsideration on November 26, 2007.[1]

---

[1] The "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), which the Seventh Circuit held applicable to habeas corpus petitions in *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir.1999), deems certain materials submitted by incarcerated persons who are representing themselves filed on the date they were given to prison authorities for mailing. Blunt's motion for reconsideration is undated. The final page of his motion certifies that on November 20, 2007, Blunt caused the motion to be served on counsel for the respondent by mail, first class postage prepaid and addressed to counsel for the respondent. The Court's file includes the envelope postmarked November 23, 2007, which contained the Court's copy of Blunt's motion for reconsideration.

For statute of limitations purposes, an inmate submits his petition by tendering it to prison officials for mailing. *Jones*, 171 F.3d at 502. Blunt has not provided the date that which he turned his motion over to prison officials for mailing. Therefore, to the extent that the mailbox rule would be applicable to motions for reconsideration, Blunt has not provided the Court with sufficient information to invoke the rule.

Because Blunt's motion was filed more than ten days after the entry of judgment, it is construed as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *See Easley v. Kirmsee*, 382 F.3d 693, 696 n.2 (7th Cir. 2004) (motions to reconsider filed more than ten days after the ruling are properly treated as Rule 60(b) motions).[2] Rule 60(b) allows for relief from judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or was based on an earlier judgment that has been reversed or vacated; or that applying the judgment prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (citation omitted).

In seeking reconsideration, Blunt relies on *Balsewicz v. Kingston*, 425 F.3d 1029 (7th Cir. 2005) and *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). Relying on those decisions, Blunt asserts that the Court should find that equitable tolling is appropriate because he is actually innocent of the "crime"[3] for which he was convicted.

---

[2] The Court is also mindful that Rule 60(b) motions may be successive petitions in disguise, *see Curry v. United States*, 507 F.3d 603 (7th Cir. 2007), but does not find this to be one.

[3] Blunt's motion refers to "crime" but he pled guilty to two crimes: first degree reckless homicide, while armed, and possession of a firearm by a felon, habitual criminality. Reference to his petition, which states that "the third element; i.e, '[t]he circumstances of the Defendant's conduct showed utter disregard for human life, was not established '" (Pet. 7.), suggests that Blunt takes the position that he is actually innocent of the first degree reckless homicide offense.

2

In *Araujo v. Chandler*, 435 F.3d 678, 681 (7th Cir. 2005), the court stated that in this circuit the contention that the actual innocence is a free standing exception to the statute of limitations in 28 U.S.C. § 2244(d) could not survive its decision in *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005). The *Aranjo* decision cites and summarizes the holding of the Sixth Circuit in *Souter*. To the extent Blunt suggests that this Court should follow *Souter*, his argument is untenable under controlling Seventh Circuit precedent.

Furthermore, to the extent Blunt separately invokes the doctrine of equitable tolling, he has not provided a basis for its application in this case. Whether the common-law doctrine of equitable tolling is available to excuse the untimely filing of a § 2254 petition has not been resolved by the Supreme Court, *see Lawrence v. Florida*, __ U.S. __, 127 S.Ct 1079 (2007), or the Court of Appeals for this Circuit, *see Williams v. Sims*, 390 F.3d 958, 963-64 (7th Cir. 2004). However, to the extent the doctrine may be applicable, to be entitled to equitable tolling a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 127 S.Ct. at 1085 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Blunt relies upon the facts that he is not an attorney, has a low IQ ("intelligence quotient"), and has had to rely upon jail house lawyers, as the basis for excusing his untimely filing. However, a prisoner's ignorance of the law and lack of legal training has been found not to constitute a basis for equitable tolling. *See Williams*, 390 F.3d at 963. Furthermore, without factual support, Blunt's claim of a low IQ cannot provide a basis for equitable tolling. *Lawrence*, 127 S.Ct. at 1086. *See also*, *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir.

2005) (collecting cases). Reliance upon inmate law clerk also has been found not to provide a basis for equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000)(regarding § 2255 motion). The circumstances presented by Blunt do not constitute extraordinary circumstances warranting application of the doctrine of equitable tolling.

Blunt has not established the exceptional circumstances for relief under Rule 60(b). Therefore, Blunt's Rule 60(b) motion for reconsideration is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Blunt's Rule 60(b) motion (Docket No. 20) is **DENIED**.

Dated at Milwaukee, Wisconsin this  31st  day of March, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**