# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES BLUNT,**

                 **Petitioner,**

    v.

                                            **Case No. 07-C-0080**

**JUDY SMITH,**
**Warden of Oshkosh Correctional Institution,**

                 **Respondent.**

## DECISION AND ORDER

This action was dismissed as untimely by the Court's November 2, 2007, Decision and Order granting Respondent Judy Smith's (Smith") motion to dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Charles Blunt ("Blunt"). The Court determined that the petition was not filed within the one-year period of limitations established by 28 U.S.C. § 2244(d). Judgment was entered on November 2, 2007.

Blunt filed a motion for reconsideration. By a March 31, 2008, Decision and Order, the Court construed Blunt's filing as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure and denied the motion.

Blunt filed a notice of appeal from the March 31, 2008, Decision and Order and "all other final orders in this case."

The matter is before the Court on Blunt's application for a certificate of appealability on the following issues:

> 1) whether the AEDPA's (The Antiterrorism and Effective Death Penalty Act of 1996) statute of limitations established by 28 U.S.C. § 2244(d) was tolled pending Blunt's exhaustion of available state post-conviction remedies; and,
>
> 2) whether the AEDPA's statute of limitations is subject to equitable tolling.

Relying on *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct 1079 (2007), Blunt states that given the undisputed facts of this case, a reasonable jurist could hold that equitable tolling is applicable. He also maintains that the Court's March 31, 2008, Decision and Order failed to give proper regard to the Supreme Court's *Lawrence* and *Carey v. Saffold*, 536 U.S. 214, 220 (2002), decisions. Blunt further asserts that the Court misapplied *Williams v. Sims*, 390 F.3d 958, 963-64 (7th Cir. 2004), with regard to its determination that the one-year limitations period was not equitably tolled. In short, Blunt is challenging this Court's procedural rulings.

Section 102 of AEDPA amended 28 U.S.C. § 2253(c)(1) to provide that an appeal may not be taken to the court of appeals unless a certificate of appealability is issued.[1] The AEDPA further provides that a certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." As noted in *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002), "a certificate of appealability may issue [by a district or circuit judge] . . . only if the applicant has made a substantial showing of the denial of a constitutional right . . . [and the certificate] shall indicate which specific issue or issues satisfy that showing," (quoting 28 U.S.C. § 2253[c] and citing *Williams v. Parke*, 133

---
[1] A certificate of probable cause has been replaced by a certificate of appealability pursuant to the AEDPA. *See Williams v. United States*, 150 F.3d 639, 640 (7th Cir. 1998).

F.3d 971, 975 [7th Cir. 1997]). *See also*, *Young v. United States*, No. 07-4015, ___ F.3d ___, 2008 WL 1724026 (7th Cir. April 15, 2008); *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that under AEDPA, a substantial showing of a denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id*. (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 [1983]); *See also, Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Furthermore, the Supreme Court held that when a habeas claim is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when a prisoner, at least, demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). The Supreme Court also held that "where a plain procedural bar is present and the district court is free to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Thus, the Supreme Court held that in such a circumstance no appeal would be warranted. *Id.* In other words,"where no substantial argument can be made that the district judge erred in resolving the procedural question, then no certificate of appealability should

3

Case 2:07-cv-00080-RTR   Filed 04/28/08   Page 3 of 5   Document 26

issue even if the constitutional question standing alone would have justified an appeal." *Davis*, 349 F.3d at 1029.

In seeking collateral relief pursuant to § 2254, Blunt's petition listed three grounds for relief. He asserts that his guilty plea was not entered knowingly and intelligently (ground one); the trial court's reliance upon *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994) to deny Blunt's motion to withdraw his plea was in error (ground two); and his court appointed counsel was ineffective (ground three). Although the Court concluded that grounds one and three asserted arguable constitutional claims, it did not address the merits of those claims because it granted the Respondent's motion to dismiss the petition as untimely.

Having considered the issues which Blunt identifies as the subject of his request for a certificate of appeal, the Court concludes that no substantial argument can be made that it erred in resolving the procedural questions. The Court's determination that Blunt's petition was untimely involved the application of established law. Additionally, in determining whether the doctrine of equitable tolling could be arguably applicable, the Court applied the case law requiring that a petitioner show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 127 S.Ct. at 1085 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).[2] The Court concluded that the circumstances which Blunt relied upon do not constitute extraordinary circumstances warranting application of the doctrine of equitable tolling.

---

[2] As the Court noted in its March 31, 2008, Decision and Order, whether the common-law doctrine of equitable tolling is available to excuse the untimely filing of a § 2254 petition has not been resolved by the Supreme Court, *see Lawrence*, 127 S.Ct at 1079, or the Court of Appeals for this Circuit, *see Williams*, 390 F.3d at 963-64.

4

Having re-examined the questions, the Court concludes that the jurist of reason would not find it debatable that Blunt's petition is time-barred and that he has not presented extraordinary circumstances warranting the application of equitable tolling. *See Slack*, 529 U.S. at 484; *Davis*, 349 F.3d at 1029. A certificate of appealability will not issue when a plain procedural bar is present. *Id*. Moreover, Blunt's request for a certificate of appeal does not identify **any** constitutional issue he intends to raise on appeal. Therefore, Blunt's application for a certificate of appealability is denied. *See Young*, No. 07-4015, 2008 WL 1724026*1.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED** that Blunt's application for a certificate of appealability (Docket No. 25) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of April, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**